1    Gastone Bebi, Esq. (#110183)
     THE LAW OFFICES OF GASTONE BEBI
2    444 West "C" Street, Suite 400
     San Diego, CA 92101
3    (619) 237-0514
     (619) 374-1985 (Facsimile)
4
     Attorneys for Plaintiffs
5    MASTERPIECE LEADED WINDOWS CORPORATION

6

7

8                    UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10                                          08 CV 765    JM JMA

11   MASTERPIECE LEADED WINDOWS    )    CASE NO.
     CORPORATION                   )
12                                 )    COMPLAINT FOR DAMAGES AND
             Plaintiffs,           )    INJUNCTIVE RELIEF FOR UNFAIR
13                                 )    COMPETITION UNDER LANHAM ACT
     v.                            )    §43(a); FALSE DESCRIPTION;
14                                 )    MISAPPROPRIATION OF TRADE
     SONNY J. JOSLIN, an individual, ERIC )  SECRETS; INTERFERENCE WITH
15   JAMES TINGEY, an individual, DECOR A )  PROSPECTIVE ECONOMIC
     DOOR & WINDOW, INC.           )    ADVANTAGE; UNFAIR COMPETITION;
16                                 )    DEMAND FOR JURY TRIAL.
             Defendants,           )
17                                 )
                                   )
18   _____ )

19

20

21   Plaintiff demands trial by jury and alleges:

22                        GENERAL ALLEGATIONS

23       1. This is a complaint for Unfair Competition and False Description arising under §43(a) of

24   the Lanham Act, 15 U.S.C. §1125(a), False Description of products, and ancillary California State

25   claims for Misappropriation of Trade Secrets, Interference With Prospective Economic Advantage

26   and Unfair Competition.

27

28

_____
Masterpiece v. Joslin et. al., Complaint
                        1

2. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121, and 28 U.S.C. §§1331, 1338 and 1367, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over the Defendants because of Defendants' activities in this district and their offer for sale and sale of infringing products, directly or through others, into and in this jurisdiction with the expectation that such products will be purchased and used by consumers in this district, and on information and belief, that Defendants derive substantial revenue from their products sold in this district.

4. Venue is proper in this district under 28 U.S.C. §1391 (b) and c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district and the Defendants regularly engage in business in this district.

5. Plaintiff, Masterpiece Leaded Windows Corporation (MASTERPIECE) is, and at all times herein mentioned was, a corporation organized and existing under the laws of the state of California, with its principal place of business in San Diego County.  Plaintiff operates a Leaded Window Manufacturing Company and Window installation Company duly licensed by the California Contractors State License Board..

6. Sonny J. Joslin is at all times mentioned herein is an individual residing in the State of California, and the RMO/CEO/PRES of defendant, DECOR A DOOR & WINDOW, INC..

7. Plaintiffs believe and are informed and thereon allege that Defendant, DECOR A DOOR & WINDOW, INC. is, and at all times herein mentioned was, a corporation organized and existing under the laws of the state of California, and doing business in California.

8. Defendant, JAMES TINGEY (TINGEY), is an individual residing in the State of California. MASTERPIECE is informed and believes and thereon alleges that TINGEY is the brother in law of

1  JOSELIN, and an officer of defendant DECOR A DOOR & WINDOW, INC..

2      9. Plaintiffs, are informed and believe, and on that basis allege that at all times mentioned herein

3  each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing

4  the things hereinafter alleged, was acting within the course and scope of such agency and/or employment

5  or said act were authorized and/or ratified by each of the remaining defendants.

6

7      10. Plaintiff operates a leaded window manufacturing and installation company, the primary

8  function of which is to design and manufacture decorative leaded glass windows and install them in

9  single family homes sold by various developers. Plaintiffs have developed and used in the course of their

10 business, among other things, certain special manufacturing and design techniques, and a database of

11 current and former purchasers of Plaintiffs' products to whom it markets its products. In addition to the

12 names and address of the customers, the list contains confidential profile information about these

13 customers, the terms of the customer's business transactions with Plaintiffs, lead contact person

14 information, and sales volume and product pricing information. Since Plaintiffs formation, Plaintiffs

15 have also developed and implemented confidential and proprietary means of conducting its business,

16 designing and manufacturing is products, in a competitive and profitable fashion. Such confidential and

17 proprietary information includes, but is not limited to, various proprietary designs, manufacturing

18 techniques, internal pricing and fee structures, confidential operating agreements with customers, and

19 marketing techniques designed to secure the return patronage of their customers.

20

21     11. The proprietary and confidential information described herein, including but not limited to

22 the manufacturing techniques, window design, customer database, pricing and fee structures, customer

23 agreements and marketing techniques, constitute plaintiff's trade secrets. These trade secrets have

24 economic value in that this information is not commonly available to the industry, and was the result of

25 a substantial amount of time, energy, and money on the part of Plaintiffs. In addition, Plaintiffs' trade

secrets and confidential information distinguish proven from potential leaded window manufacturing techniques and marketing strategies that would enable a competitor to easily focus manufacturing and marketing activities.

12. Plaintiffs made reasonable efforts to insure the confidentiality and secrecy of their trade secrets, and other confidential and proprietary information. As part of their training and throughout the course of their employment, employees are informed that the company's internal operating methods, manufacturing techniques, and its database and information about their customers is confidential. Further, others involved in, or those likely to be exposed to Plaintiffs' business and operations are advised that information regarding manufacturing techniques, internal operations, client database and related files is not otherwise readily ascertainable by others, including Plaintiffs competitors. Employees and others are required to acknowledge that such information that becomes know to them is confidential and constitutes the trade secrets of Plaintiff.

13. Employees and others likely to be exposed to Plaintiffs' trade secrets are further informed that the use or disclosure of such information, other than for the exclusive benefit of Plaintiff is prohibited.

14. Defendant SONNY J. JOSLIN was a trusted employee of MASTERPIECE until his termination upon the discovery of the matters set forth in this complaint. While in the employ of MASTERPIECE defendant JOSLIN was provided the knowledge and trained by MASTERPIECE in the manufacturing and marketing of MASTERPIECE windows and products. As a MASTERPIECE trusted employee, defendant JOSLIN was taught MASTERPIECE marketing techniques, including the use of a web site, catalogue, and the design and advertising of energy efficient "triple pane" windows.

15. MASTERPIECE is informed and believes and thereon alleges that, while employed by MASTERPIECE, defendant Joslin formed a company to directly compete with MASTERPIECE, and utilizing MASTERPIECE marks, images and marketing material, to market MASTERPIECE products

1  as DECOR A DOOR products.  MASTERPIECE is informed and believes and thereon alleges that

2  defendant JOSLIN formed a company with defendant TINGEY which eventually was incorporated and

3  became defendant DECOR A DOOR & WINDOW, INC.

4

5      16.  MASTERPIECE is informed and believes and thereon alleges that beginning in 2/28/2005,

6  and while still employed at MASTERPIECE, defendant JOSLIN utilized MASTERPIECE product,

7  customer leads, advertising techniques and designs to organize and conduct business as DECOR A

8  DOOR & WINDOW, INC. Specifically, while employed as the MASTERPIECE Account Manager for

9  the Inland Empire, defendant JOSLIN would place receive orders for product on the MASTERPIECE

10  phone provided to him by MASTERPIECE, and divert those orders to DECOR A DOOR.  In addition,

11  DECOR A DOOR would purchase product from MASTERPIECE and install said MASTERPIECE

12  product, as DECOR A DOOR product, thereby falsely branding Plaintiff's genuine glass products as

13  though they originated with Defendants.

14

15      17.  MASTERPIECE is informed and believes and thereon alleges that JOSLIN, DECOR A

16  DOOR and TINGEY replicated the MASTERPIECE web site, and product catalogue, and the

17  MASTERPIECE marks, images and marketing materials contained therein, as the DECOR A DOOR

18  web site and catalogue.  JOSLIN, DECOR A DOOR and TINGEY copied and utilized MASTERPIECE

19  photographs of MASTERPIECE windows, products and designs, as part of the DECOR A DOOR web

20  site, catalogue and advertised said images as DECOR A DOOR products.

21      18.  Defendants' use of said marks, images and marketing material is without permission of

22  authority of Plaintiff and said use by Defendants is likely to cause confusion, mistake and to deceive.

23      19.  Defendants' conduct is willful and Defendants' acts of trademark infringement, unfair

24  competition and false designation have been committed with the intent to cause confusion, mistake and

25  to deceive.

1

## FIRST CLAIM
## [UNFAIR COMPETITION UNDER LANHAM ACT §43(a)Against all Defendants]

2

3          20. Plaintiff realleges and incorporates by reference each and every allegation of the above

4   paragraphs I through 19, inclusive, as if fully set forth herein.

5          21. Such acts by Defendants constitute unfair competition and/or infringement of Plaintiff's

6
    common law rights in the marks, images and marketing material.
7

8          23. Defendants' use of the marks, images and marketing material to promote, market, or sell

9   glass products in direct competition with Plaintiff's glass products constitutes Unfair Competition

10  pursuant to Lanham Act §43(a) (15 U.S.C. §1125(a)).  Defendants' use of the marks, images and

11
    marketing material is likely to cause confusion, mistake, and deception among consumers. Defendants'
12

13  unfair competition has caused and will continue to damage Plaintiff and is causing irreparable harm to

14  Plaintiff for which there is no adequate remedy at law.

15                                  ## SECOND CLAIM
                          ## [FALSE DESCRIPTION Against all Defendants]
16

17         24. Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded

18  herein, the allegations of paragraphs 1 through 23.

19         25. Defendants' use of the marks, images and marketing material is such a colorable imitation

20
    and copy of Plaintiff's trademarks established in the market for glass products that Defendants' use
21

22  thereof in the context of glass products is likely to create confusion, or to cause mistake, or to deceive

23  consumers as to the origin, sponsorship or approval of Plaintiff's products.

24         26. Defendants' sale of Plaintiff's genuine glass products falsely marked as Defendants' own

25
    products constitutes a false description and a false designation of origin.  These acts are in violation of
26

27  Lanham Act §43(a), 15 U.S.C. §1125(a), in that Defendants have used in connection with goods a false

28  designation of origin, a false or misleading description and representation of fact which is likely to cause

1   confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of

2   Defendants with Plaintiff and as to the origin, sponsorship, and approval of Defendants' goods and

3   commercial activities by Plaintiff.

4

5       27.  Defendants have caused goods to enter into interstate commerce using Plaintiff's marks,

6   images and marketing material results in a false designation of origin which is likely to cause confusion,

7   to cause mistake and to deceive as to the affiliation, connection or association of Defendants with

8   Plaintiff and as to the origin, sponsorship, or approval of such goods by Plaintiff. These acts are in

9   violation of Lanham Act §43(a), 15 U.S.C. §1125(a), in that Defendants have used in connection with

10  goods a false designation of origin, a false or misleading description and representation of fact which

11  is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or

12  association of Defendants with Plaintiff and as to the origin, sponsorship, and approval of Defendants'

13  goods and commercial activities by Plaintiff.

14

15      28.  Plaintiff avers that Defendants' use of the marks, images and marketing material, and

16  Defendants' falsely branding Plaintiff's genuine glass products as though they originated with

17  Defendants, comprise false descriptions or representations of such products under Lanham Act §43(a),

18  15 U.S.C. §1125(a).

19

20                          **THIRD CLAIM**

21          **[MISAPPROPRIATION OF TRADE SECRETS- Against all Defendants]**

22      29. Plaintiffs reallege and incorporate by reference each and every allegation of the above

23  paragraphs 1 through 28, inclusive, as if fully set forth herein. Plaintiffs are informed, believe and

24  thereon allege that Defendants, and each of them, have misappropriated the above-described trade secrets

25  of Plaintiffs in that Defendants by the conduct alleged herein, acquired Plaintiffs' trade secrets by

26  improper means in violation of Civil Code section 3426.1 (b). Defendants, knew or had reason to know,

27

28

1  that their knowledge of the trade secrets was derived through or from persons who had a duty to maintain

2  the secrecy of Plaintiffs' trade secrets.

3

4      30. As a proximate result of the conduct alleged herein, plaintiff has suffered actual

5  damages in that defendants have used plaintiffs trade secrets as specified above to sell leaded windows

6  to customers who would have otherwise bought from plaintiffs, in an amount subject to proof at the time

7  of trial. As a further proximate result of the misappropriation, Defendants have been unjustly enriched

8  by using Plaintiffs' trade secrets to secure business from Plaintiffs' customers with a value subject to

9

10  proof at the time of trial.

11      31. Plaintiffs are informed, believe, and thereon allege that with respect to Defendant, LV

12  that the actions alleged herein were either undertaken by, authorized, and/or ratified by an officer,

13  director, or managing agent of that corporate defendant. Plaintiffs are therefore entitled to reasonable

14  attorney's fees.

15

16      32. Defendants' conduct, unless and until enjoined and restrained by order of this court,

17  will cause great and irreparable injury to Plaintiffs.

18      33. Plaintiffs have no adequate remedy at law for the injuries currently being suffered or

19  those which are threatened in that Defendants will continue to misappropriate and Plaintiffs will be

20

21  required to maintain a multiplicity of judicial proceedings to protect their interests.

22              **FOURTH CLAIM**
   **[Intentional Interference with Prospective Economic Advantage-Against all Defendants]**

23

24      34. Plaintiff realleges and incorporates by reference each and every allegation of the

25  above paragraphs I through 33, inclusive, as if fully set forth herein.

26      35. Plaintiff is informed, believes, and thereon alleges that Defendants, and each of them

27  used the confidential customer database and other information to wrongfully communicate with, and

28

---

1    solicit work from Plaintiff's customers which would have otherwise gone to plaintiffs, in violation of

2    California Civil Code section 3426.1, et. seq.

3
        36. As a proximate result of Defendants' conduct and use of Plaintiffs' misappropriated
4
     trade secretes, defendants have used plaintiffs trade secrets as specified above to sell leaded windows
5
6    to customers who would have otherwise bought from plaintiffs, in an amount subject to proof at the time

7    of trial.

8
        37.  Defendants, unless restrained, will disrupt other business relationships between
9
     plaintiff and its customers, resulting in great and irreparable injury, for which damages would not be
10
11   adequate relief.

12                                **FIFTH CLAIM**
                      **[Unfair Business Practices - Against all Defendants]**
13

14       38. Plaintiff realleges and incorporates by reference each and every allegation of the

15   above paragraphs I through 37, inclusive, as if fully set forth herein. Plaintiff is informed, believes, and

16   thereon alleges that Defendants, and each of them, performed the above-mentioned acts for the purpose
17
     of competing unfairly and damaging plaintiffs business by conducting business for DECOR A DOOR
18
19   while JOSLIN was employed by MASTERPIECE, advertising, installing and selling MASTERPIECE

20   product as DECOR A DOOR product, and using plaintiffs trade secrets as specified above to sell leaded

21   windows to customers who would have otherwise bought from plaintiffs, in an amount subject to proof
22
     at the time of trial.
23
         39. Defendants threaten to, and unless restrained will, continue to use the trade secrets
24
25   and confidential information wrongfully misappropriated from Plaintiff to interfere with Plaintiff's

26   established relationship with its customers in the manner specified above. Such conduct constitutes an

27   Unfair Business Practice and violates Business and Professions Code section 17200, et seq.
28

---

Masterpiece v. Joslin et. al., Complaint

9

40. As a proximate result of the above-mentioned acts of Defendants, Plaintiff has been damaged in an amount as yet unknown. In addition, such amount once known shall be trebled pursuant to the provisions of California Business and Professions Code section 17082.

WHEREFORE, Plaintiff demands trial by jury and prays for judgment against Defendants, and each of them, as follows:

**First Claim:**

1. General, special and consequential damages according to proof at trial;

2. An Order requiring Defendants, and each of them, to show cause, if any they have, why they should not be enjoined as hereinafter set forth during the pendency of this action;

3. A temporary restraining order, preliminary injunction and permanent injunction enjoining Defendants, and each of them, and their agents, servants and employees, and all persons acting thereunder, in concert with them, or for them:

(a) To refrain from continuing the misappropriation of Plaintiffs trade secrets by ongoing use of Plaintiffs manufacturing techniques, customer database, lists, profiles and other internal and confidential information;

(b) To return all copies of any documents that reflect, refer or constitute plaintiff s trade secrets and confidential and proprietary business information.

4. Treble damages fro willful Misappropriation.

5. Reasonable attorneys' fees;

6. Costs of suit herein incurred; and

7. Such further and other relief as the Court deems just and proper Second Cause of Action:

**Second Claim:**

1.  General, special and consequential damages according to proof at trial;

2. An Order requiring Defendants, and each of them, to show cause, if any they have, why they should not be enjoined as hereinafter set forth during the pendency of this action;

3. A temporary restraining order, preliminary injunction and permanent injunction enjoining Defendants, and each of them, and their agents, servants and employees, and all persons acting thereunder, in concert with them, or for them:

(a) To refrain from continuing the misappropriation of Plaintiffs trade secrets by ongoing use of Plaintiffs manufacturing techniques, customer database, lists, profiles and other internal and confidential information;

(b) To return all copies of any documents that reflect, refer or constitute plaintiff s trade secrets and confidential and proprietary business information.

4.  Treble damages fro willful Misappropriation.

5.  Reasonable attorneys' fees;

6.  Costs of suit herein incurred; and

7.  Such further and other relief as the Court deems just and proper Second Cause of Action:

**Third Claim:**

1. An Order requiring Defendants, and each of them, to show cause, if any they have, why they should not be enjoined as hereinafter set forth during the pendency of this action;

2. A temporary restraining order, preliminary injunction and permanent injunction enjoining Defendants, and each of them, and their agents, servants and employees, and all persons acting thereunder, in concert with them, or for them:

(a) To refrain from continuing the misappropriation of Plaintiffs trade secrets by ongoing

use of Plaintiffs manufacturing techniques, customer database, lists, profiles and other internal and confidential information;

      (b) To return all copies of any documents that reflect, refer or constitute plaintiff s trade secrets and confidential and proprietary business information.

      3. General and Consequential damages according to proof;

      4. Punitive and Exemplary damages according to proof;

      4. Costs of suit herein incurred; and

      5. Such further and other relief as the Court deems just and proper.

**Fourth Claim:**

      1. An Order requiring Defendants, and each of them, to show cause, if any they have, why they should not be enjoined as hereinafter set forth during the pendency of this action;

      2. A temporary restraining order, preliminary injunction and permanent injunction enjoining Defendants, and each of them, and their agents, servants and employees, and all persons acting thereunder, in concert with them, or for them:

      (a) To refrain from continuing the misappropriation of Plaintiffs trade secrets by ongoing use of Plaintiffs manufacturing techniques, customer database, lists, profiles and other internal and confidential information;

      (b) To return all copies of any documents that reflect, refer or constitute plaintiff s trade secrets and confidential and proprietary business information.

      3. General and Consequential damages according to proof;

      4. Punitive and Exemplary damages according to proof;

      4. Costs of suit herein incurred; and

      5. Such further and other relief as the Court deems just and proper.

Masterpiece v. Joslin et. al., Complaint

**Fifth Claim:**

1. An Order requiring defendants, and each of them, to show cause, if any they have, why they should not be enjoined as hereinafter set forth during the pendency of this action;

2. A temporary restraining order, preliminary injunction and permanent injunction enjoining Defendants, and each of them, and their agents, servants and employees, and all persons acting thereunder, in concert with them, or for them:

General, special, and consequential damages according to proof at trial;

Treble damages as provided by statute;

(b) to refrain from soliciting the business of Plaintiff s current customers;

c) to refrain from revealing information about Plaintiff s confidential internal fee and pricing structures; and,

(d) to refrain from copying Plaintiffs' designs, disclosing or using Plaintiffs trade secrets and other confidential and proprietary business information, including but not limited to, manufacturing techniques, price sheets, customer lists and profiles, internal fee information, and

3. Reasonable attorneys' fees;

4. Treble damages;

4. Costs of suit herein incurred; and

5. Such further and other relief as the Court deems just and proper.

Dated: April 25, 2008

THE LAW OFFICES
OF GASTONE BEBI

By: _____
Gastone Bebi
Attorney for Plaintiffs

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 150243    — MB**

**April 28, 2008
15:25:18**

**Civ Fil Non-Pris**
USAO #.: 08CV0765 CIVIL FILING
Judge..: JEFFREY T MILLER
Amount.:                    $350.00 CK
Check#.: BC1698

**Total—> $350.00**

FROM: MASTERPIECE LEADED WINDOWS
     CORP VS SONNY J JOSELIN, ET AL

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Masterpiece Leaded Windows Corporation | Sonny J. Joselin, Eric James Tingey, 3: 15<br>Decor A Door & Window, Inc. |

**(b)** County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**08 CV 765 JM JMA**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
The Law Offices of Gastone Bebi,
444 West C Street, Suite 400, San Diego, CA 92101, 619 237-0514

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | | |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | | | ☐ 950 Constitutionality of State Statutes |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **IMMIGRATION** | |
| | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 462 Naturalization Application | |
| | ☐ 442 Employment | **Habeas Corpus:** | ☐ 463 Habeas Corpus - Alien Detainee | |
| | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 465 Other Immigration Actions | |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1125(a)

Brief description of cause:
Lanham Act-Unfair Competition, False Discription of Products

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE
04/28/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 150243    AMOUNT $350 —    APPLYING IFP ___    JUDGE ___    MAG. JUDGE ___

TD 04/28/08

UR