1  Morton G. Rosen (mrosen@hbblaw.com) (Bar No. 34333)
   Chandra Moore (cmoore@hbblaw.com) (Bar No. 202806)
2  HAIGHT, BROWN & BONESTEEL, L.L.P.
   6080 Center Drive, Suite 800
3  Los Angeles, CA 90045-1574
   Telephone: (310) 215-7100
4  Facsimile: (310) 215-7300

5  Attorneys for Defendants SONNY J. JOSLIN,
   ERIC JAMES TINGEY, and DECOR A DOOR &
6  WINDOW, INC.

7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11 MASTERPIECE LEADED WINDOWS )   Case No. 08 CV 765 JM/JMA
   CORPORATION,                )
12                             )   **DEFENDANTS' ANSWER AND**
              Plaintiff,       )   **AFFIRMATIVE DEFENSES**
13                             )
          vs.                  )
14                             )
   SONNY J. JOSLIN, an individual, )
15 ERIC JAMES TINGEY, an individual, )
   DECOR A DOOR & WINDOW, INC., )
16                             )
              Defendants.      )
17 _____ )

18      Defendants SONNY J. JOSLIN ("Joslin"), ERIC JAMES TINGEY

19 ("Tingey"), and DÉCOR A DOOR & WINDOW, INC. ("Décor"), hereby respond

20 to the Complaint of Plaintiff MASTERPIECE LEADED WINDOWS

21 CORPORATION ("Masterpiece") filed on or about April 28, 2008:

22                      **GENERAL ALLEGATIONS**

23      1.    Defendants admit that Paragraph 1 is Plaintiff's opinion of the claims

24 that are asserted in the Complaint.

25      2.    Defendants admit the allegation in Paragraph 2 that this Court has

26 subject matter jurisdiction over this action.

27      3.    Aside from the allegation that this Court has personal jurisdiction over

28 them, defendants deny the rest of the allegations in Paragraph 3 of the Complaint.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LG99-0000030
3407153.1                    1

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES

1    4.    Aside from the allegation that venue is proper in this District,

2  Defendants deny the rest of the allegations in Paragraph 4 of the Complaint.

3    5.    Defendants are informed and believe that the allegations in Paragraph 5

4  are correct, and based thereon admit them.

5    6.    Defendants admit the allegations in Paragraph 6.

6    7.    Defendants admit the allegations in Paragraph 7.

7    8.    Defendants admit the allegations in Paragraph 8.

8    9.    The allegations in Paragraph 9 are so general, unspecific, ambiguous,

9  diffuse and undifferentiated, that Defendants lack sufficient information or belief to

10  admit or deny them, and for that reason deny them.

11    10.    Defendants are informed and believe that the allegations in the first

12  sentence in Paragraph 10 are correct, and for that reason admits them.  The

13  remainder of the allegations in Paragraph 10 are so general, unspecific, ambiguous,

14  non-factual and conclusory that Defendants lack sufficient information or belief to

15  admit or deny them, and for that reason deny them.  If by these allegations Plaintiff

16  is asserting directly or impliedly that Plaintiff has and owns, and/or had and owned

17  in the past, protectable trade secrets of Plaintiff that could be and were

18  misappropriated by Defendants, Defendants deny those allegations.

19    11.    The allegations in Paragraph 11 are so general, unspecific, ambiguous,

20  non-factual and conclusory that Defendants lack sufficient information or belief to

21  admit or deny them, and for that reason deny them.  If by these allegations Plaintiff

22  is asserting directly or impliedly that Plaintiff has and owns, and/or had and owned

23  in the past, protectable trade secrets of Plaintiff that could be and were

24  misappropriated by Defendants, Defendants deny those allegations.

25    12.    The allegations in Paragraph 12 are so general, unspecific, ambiguous,

26  non-factual and conclusory that Defendants lack sufficient information or belief to

27  admit or deny them, and for that reason deny them.  If by these allegations Plaintiff

28  is asserting directly or impliedly that Plaintiff has and owns, and/or had and owned

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LG99-0000030
3407153.1

2

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES

1    in the past, protectable trade secrets of Plaintiff that could be and were

2    misappropriated by Defendants, Defendants deny those allegations.

3        13.    The allegations in Paragraph 13 are so general, unspecific, ambiguous,

4    non-factual and conclusory that Defendants lack sufficient information or belief to

5    admit or deny them, and for that reason deny them.  If by these allegations Plaintiff

6    is asserting directly or impliedly that Plaintiff has and owns, and/or had and owned

7    in the past, protectable trade secrets of Plaintiff that could be and were

8    misappropriated by Defendants, Defendants deny those allegations.

9        14.    Except that it is admitted Defendant Joslin was once employed by

10   Plaintiff, and during that time learned methods of doing business and processes

11   which are merely variations on general processes which are known in this particular

12   industry or trade, and/or are of a general character about the business or industry,

13   and therefore are not protectable trade secrets, and cannot be the subject of

14   misappropriation, all of the allegations in Paragraph 14 are denied.

15       15.    Except that it is admitted Defendants Joslin and Tingey are

16   shareholders, officers and directors of Defendant Décor, all the allegations in

17   Paragraph 15 are denied.

18       16.    All the allegations in Paragraph 16 are denied.

19       17.    To the extent the allegations in Paragraphs 16 assert, directly or

20   impliedly, that Décor's website, product catalog, and anything else used in the

21   operation of Décor's business, constitute Defendants' misappropriation of a

22   protectable trade secret of Plaintiff, or any other way improper act, in terms of

23   advertising or any other usage, they are denied.  As pleaded, the allegations in

24   Paragraph 17 are so general, unspecific, ambiguous, non-factual and conclusory,

25   that Defendants lack sufficient information or belief to admit or deny them, and for

26   that reason deny them.

27       18.    The allegations in Paragraph 18 are denied.

28       19.    The allegations in Paragraph 19 are denied.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LG99-0000030
3407153.1

3

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES

**FIRST CLAIM**

20.    In response to Paragraph 20 of the Complaint, Defendants refer to Paragraphs 1-19 of this Answer, and by that reference incorporate them herein and make them a part hereof as though fully set forth at length.

21.    The allegations in Paragraph 21 are denied.

22.    The allegations in Paragraph 22 are denied.

23.    The allegations in Paragraph 23 are denied.

**SECOND CLAIM**

24.    In response to Paragraph 24 of the Complaint, Defendants refer to Paragraphs 1-23 of this Answer, and by that reference incorporate them herein and make them a part hereof as though fully set forth at length.

25.    The allegations in Paragraph 25 are denied .

26.    The allegations in Paragraph 26 are denied.

27.    The allegations in Paragraph 27 are denied.

28.    The allegations in Paragraph 28 are denied.

**THIRD CLAIM**

29.    In response to the first sentence in Paragraph 29 of the Complaint, Defendants refer to Paragraphs 1-28 of this Answer, and by that reference incorporate them herein and make them a part hereof as though fully set forth at length.  Defendants deny the rest of the allegations in Paragraph 29.

30.    The allegations in Paragraph 30 are denied.

31.    The allegations in Paragraph 31 are so general, unspecific, ambiguous, undifferentiated, non-factual and conclusory, especially the reference to "Defendant LV," who is not anywhere identified, that Defendants lack sufficient information or belief to admit or deny them, and for that reason deny them.  In addition, Defendants deny that Plaintiff is or ever will be entitled to an award of attorney's fees against them in this action.

32.    The allegations in Paragraph 32 are denied.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LG99-0000030
3407153.1

4

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES

33.    The allegations in Paragraph 33 are denied.

## FOURTH CLAIM

34.    In response to Paragraph 34 of the Complaint, Defendants refer to Paragraphs 1-33 of this Answer, and by that reference incorporate them herein and make them a part hereof as though fully set forth at length.

35.    The allegations in Paragraph 35 are denied.

36.    The allegations in Paragraph 36 are denied.

37.    The allegations in Paragraph 37 are denied.

## FIFTH CLAIM

38.    In response to the first sentence in Paragraph 38 of the Complaint, Defendants refer to Paragraphs 1-37 of this Answer, and by that reference incorporate them herein and make them a part hereof as though fully set forth at length.  The allegations in the remainder of Paragraph 38 are denied.

39.    The allegations in Paragraph 39 are denied.

40.    The allegations in Paragraph 40 are denied.

## FIRST AFFIRMATIVE DEFENSE

41.    The First Claim, Second Claim, Third Claim, Fourth Claim, and Fifth Claim, and each of them, fail to state a claim upon which relief can be granted, as against these Defendants, and each of them.

## SECOND AFFIRMATIVE DEFENSE

42.    None of the materials and matters on which Plaintiff bases all of its Claims are or were protectable trademarks or trade dress or trade secrets, but were instead initiated or used first by others and/or are in the public domain such as the website and product catalog referred to, and/or are methods of doing business in this particular trade or industry that everyone is entitled to learn and use, such as what appears to be referred to in Paragraphs 10, 11, 12, 14, and 17 of the Complaint.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LG99-0000030
3407153.1

5

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES

1

### THIRD AFFIRMATIVE DEFENSE

2    43.    If and to the extent in any of its Claims Plaintiff is seeking to enforce

3 and/or otherwise rely upon is any purported agreement with Joslin that he would not

4 leave and compete with Plaintiff, all of Plaintiff's Claims are barred by Business &

5 Professions Code §16600.

6

### FOURTH AFFIRMATIVE DEFENSE

7    44.    If and to the extent any of Plaintiff's Claims are based and/or otherwise

8 rely upon Defendants' notification of availability and solicitation of business in

9 general, Plaintiff is barred by California's Privilege of Free Competition.

10

### FIFTH AFFIRMATIVE DEFENSE

11    45.    If and to the extent any of Plaintiff's Claims are based and/or otherwise

12 rely upon Defendants' notification to potential customers and employees of

13 availability and solicitation of business, Plaintiff is barred by California's public

14 policy in favor of competition.

15

### SIXTH AFFIRMATIVE DEFENSE

16    46.    If and to the extent any of Plaintiff's Claims are based and/or otherwise

17 rely upon Defendants' communications with third parties, Plaintiff is barred by the

18 California and United States constitutional protections of free speech.

19

### SEVENTH AFFIRMATIVE DEFENSE

20    47.    If and to the extent any of Plaintiff's Claims are based and/or otherwise

21 rely upon Defendants' communications with third parties, Plaintiff is barred by the

22 Interested Party Privilege in California Civil Code §47(c).

23

### EIGHTH AFFIRMATIVE DEFENSE

24    48.    In asserting these Claims, Plaintiff has unduly and excusably delayed,

25 to the prejudice of Defendant, so that Plaintiff is barred by laches.

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LG99-0000030
3407153.1

6

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES

## NINTH AFFIRMATIVE DEFENSE

49.    Due to Plaintiff's silence, inaction and delay, and for other reasons that Defendants are informed and believe will be disclosed in discovery, Plaintiff waived all or portions of its Claims and/or its right to relief against Defendants.

## TENTH AFFIRMATIVE DEFENSE

50.    Due to Plaintiff's silence, inaction and delay, and Defendants' reliance thereon, all or portions of Plaintiff's Claims and/or its right to relief are barred by Estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

51.    Defendants refer to Paragraphs 41-50 of this Answer, and by that reference incorporate them herein and make them a part hereof as though fully set forth at length.

52.    By reason of the above, Plaintiff has Unclean Hands in the premises, barring all or portions of its Claims and/or the relief sought.

## TWELFTH AFFIRMATIVE DEFENSE

53.    Defendants are informed and believe, and based upon such information and belief allege, that when specific and concrete facts are ascertained through discovery or otherwise, all or a portion of Plaintiff's Claims and/or the relief sought will be barred by the applicable Statutes of Limitation.

## THIRTEENTH AFFIRMATIVE DEFENSE

54.    If and to the extent Plaintiff has failed to take reasonable steps to mitigate any damages it may have suffered that were or are could have been caused by the conduct of Defendants, Plaintiff cannot recover the amount of damages that could and should have been mitigated.

## FOURTEENTH AFFIRMATIVE DEFENSE

55.    Defendants are informed and believe, and based on such information and belief allege, that all or some of the allegations and claims Plaintiff makes in this action are barred by collateral estoppel or issue preclusion, because Plaintiff

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LG99-0000030
3407153.1

7

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES

1  made them in a prior action against other parties, and a final judgment was entered

2  in that prior judgment on the merits against Plaintiff.

3

4  **WHEREFORE**, Defendants, and each of them, pray for judgment as follows:

5  (1)  That Plaintiff take nothing against Defendants, and each of them in the

6  First, Second, Third, Fourth, and Fifth Claims, and each of them;

7  (2)  For an award of Defendants' attorneys' fees, to the maximum extent

8  permitted by law;

9  (3)  For cost of suit; and

10  (4)  For such other and further relief as the Court may deem just and proper.

11

12  Dated:  July 2, 2008

13

Respectfully submitted

HAIGHT, BROWN & BONESTEEL, L.L.P.

14

15  By:

16  Morton G. Rosen
Chandra Moore
Attorneys for Defendants
SONNY J. JOSLIN, ERIC JAMES
TINGEY, and DECOR A DOOR &
WINDOW, INC.

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LG99-0000030
3407153.1

8

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES

## PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       )  ss:
COUNTY OF LOS ANGELES  )

*MASTERPIECE LEADED WINDOWS CORPORATION vs. SONNY J. JOSLIN*
*08 CV 765 JM/JMA*

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 6080 Center Drive, Suite 800, Los Angeles, CA 90045-1574.

    On July 2, 2008, I served the within document described as:

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

    on the interested parties in this action as stated below:

Gastone Bebi, Esq.
444 West "C" Street, Suite 400
San Diego, CA 92101

Tel:  (619) 374-0514
Fax:  (619) 374-1985

☒   (MAIL) by placing a true copy thereof in sealed envelope(s) addressed above and causing such envelope(s) to be deposited in the U.S. Mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

    Executed on July 2, 2008, at Los Angeles, California.

    I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

| Rob Briner | |
|---|---|
| (Type or print name) | (Signature) |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

LG99-0000030
3407153.1

9

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES