UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASTERPIECE LEADED WINDOWS CORPORATION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SONNY J. JOSLIN, an individual, et al.,<br><br>　　　　　Defendants. | Case No. 08-CV-0765-JM (JMA)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER**<br><br>**[Doc. 17]** |

Plaintiff Masterpiece Leaded Windows Corporation ("Plaintiff") has filed a motion to modify the scheduling order. Defendants Sonny J. Joslin, Eric James Tingey, and Decor A Door & Window, Inc. ("Defendants") oppose. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

**I.   BACKGROUND**

On September 16, 2008, the Court issued a Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings ("scheduling order") which contained, as pertinent here, the following deadlines:

| | |
|---|---|
| Expert disclosure deadline | February 13, 2009 |
| Rebuttal expert disclosure deadline | March 20, 2009 |
| Discovery cutoff | April 17, 2009 |
| Dispositive motion filing cutoff | May 15, 2009 |

Sept. 16, 2008 Order at ¶¶ 4-6.[1]

In January 2009, Plaintiff's counsel, Gastone Bebi, Esq., a sole practitioner, switched from a Palm PDA (personal digital assistant) to an iPhone, which necessitated that he convert from a Palm electronic calendar to Microsoft Outlook's electronic calendaring system. Bebi Decl., ¶ 5. All of the Palm data had to be manually inputted into the Outlook program. Id., ¶ 6. Mr. Bebi understood that all dates, "tickles", and calendaring data were transferred into Outlook by January 26, 2009; on that date, he stopped using the Palm PDA and Palm calendar and relied solely on the Outlook program for calendaring alerts. Id.

Unbeknownst to Mr. Bebi, none of the dates and reminders regarding this case were transferred into Outlook. Id., ¶ 7. Mr. Bebi has acted as litigation counsel for Plaintiff on several matters over the course of several years. Id., ¶ 2. During January 2009, Mr. Bebi was handling five potential litigation files on behalf of Plaintiff, not including this matter. Id., ¶ 8. Mr. Bebi was also acting as coverage counsel for Plaintiff in a case filed in the Central District of California. Id. Because he was not acting as litigation counsel in that matter, Mr. Bebi instructed the person transferring his calendaring data to disregard all dates for that case. Id. According to Mr. Bebi, "Confusion ensued, and the dates relating to [the] instant matter, my only other then pending federal case, were not transferred to my electronic calendar." Id. The last "tickle" that Mr. Bebi received regarding this case was for the January 12, 2009 telephonic Case Management Conference ("CMC"), which he participated in. Id., ¶ 9.

In late December 2008, Mr. Bebi asked his paralegal to draft Interrogatories and a Request for Production of Documents in this matter. Id., ¶ 11. He also entered a reminder and a "tickle" for February 1, 2009 to send out the discovery on his Palm calendaring software. Id. This data was not subsequently transferred into the Outlook program. Id. In January 2009, Mr. Bebi's paralegal left to work for another attorney,

---

[1] The Court subsequently continued the deadline for the filing of dispositive motions to June 5, 2009. See Apr. 16, 2009 Order at 3.

and the rough drafts of the discovery were placed in the file. Id. On March 17, 2009, Mr. Bebi's law clerk came across the rough drafts, and placed them in Mr. Bebi's in-box for review. Id., ¶ 12. Mr. Bebi states that he was "unaware of the deadlines associated with this case" due to "the press of business, the lack of alerts regarding the discovery cut-off, and having to deal with [his] caseload while looking for another paralegal." Id. The discovery was subsequently served on March 23, 2009. Id.[2]

On February 5, 2009, counsel for Defendants, Chandra Moore, Esq., sent Mr. Bebi an email which stated, in relevant part:

> As a reminder, at the CMC on January 12, 2009, you informed me and Judge Adler that you had gathered documents to support your client's position . . . . I am following up because we have expert disclosures due on February 13, 2009.

Defs.' Opp'n at 2; Moore Decl., Ex. A. Ms. Moore also inquired about whether Plaintiff intended to proceed with the litigation. Id. Mr. Bebi sent a responsive email on February 6, 2009 in which he stated that he would try to get back to Ms. Moore by that afternoon regarding her inquiry. Defs.' Opp'n at 3; Moore Decl., Ex. A. Mr. Bebi had previously decided, as of December 2008, that retaining a forensic accountant expert would not be cost-efficient as Plaintiff had received information that Defendant Decor A Door & Window, Inc. was going out of business. Bebi Decl., ¶ 10.

Plaintiff contends that "but for the calendaring problem, the loss of staff and confusion in the calendaring, the discovery that was served would have been propounded within the time mandated by the court." Pl.'s Reply at 2. Plaintiff presently seeks a short continuance of the discovery cutoff in order to obtain responses to the interrogatories and document requests already served, and to depose Defendant Joslin. Pl.'s Mem. at 2. Plaintiff does not contemplate or request any other discovery. Id.

---

[2]As the Court has previously indicated (see Apr. 16, 2009 Order at 2 n.1), this discovery was not timely served pursuant to the terms of the Court's scheduling order, which requires all discovery to be "initiated a sufficient period of time in advance of the cutoff date, so that it may be completed by the cutoff date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure." Sept. 16, 2008 Order at ¶ 5 (emphasis in original).

Defendants oppose, and argue that this situation was created by Plaintiff's own doing and is "without good cause or substantial justification." Defs.' Opp'n at 2.

## II. LEGAL STANDARDS

Under Rule 16(b) of the Federal Rules of Civil Procedure, the court must issue a scheduling order after consulting with counsel at a scheduling conference or by telephone, mail, or other means. Fed. R. Civ. P. 16(b)(1). "The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard under Rule 16(b) primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); see also Fed. R. Civ. P. Advisory Committee Notes, 1983 Amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 604. In other words, if the moving party was not diligent, the inquiry should end. Id.

"Central to [the] required showing of diligence is whether the movant discharged [its] obligation under Rule 16 to collaborate with the district court in managing the case." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). The pertinent inquiry includes: (1) whether the movant was diligent in assisting the Court in creating a workable Rule 16 scheduling order, (2) whether the movant's noncompliance with deadlines occurred, notwithstanding its diligent efforts to comply, because of matters unforeseen at the time of the Rule 16 scheduling conference, and (3) whether the movant was diligent in seeking amendment of the scheduling order once it became apparent that it could not comply with the order. Id. at 608.

//

### III. DISCUSSION

Plaintiff satisfies all of the above diligence inquiries and thus has demonstrated good cause for its motion to modify the scheduling order. While the Court is, of course, concerned that Plaintiff's discovery was not served in a timely manner, the Court finds nothing to indicate that Mr. Bebi's version of events is anything other than truthful and is convinced that the mistake in the calendaring of the dates in this case was completely inadvertent. The subsequent turnover in Mr. Bebi's office staff then further exacerbated the problem, particularly given the fact that Mr. Bebi is a sole practitioner. Mr. Bebi did not realize, until the April 15, 2009 conference call, that Plaintiff's discovery had not been timely served and that the discovery cutoff was only two days away. He then immediately sought permission from the Court to modify the scheduling order by verbally requesting a modification of the schedule as well as by seeking permission to file a written motion on the matter. Plaintiff did not intentionally disregard the scheduling order nor did it act in a cavalier manner when it discovered that the discovery cutoff was immediately upon it.

Although Defendant essentially argues that Ms. Moore's email to Mr. Bebi in February regarding the deadline for expert disclosures should have caused him to look at the scheduling order or to consider the status of the schedule, it is not unreasonable that he did not do so. Plaintiff, by that time, had already determined that it would not retain a damages expert, and the Court does not believe that Mr. Bebi necessarily should have been alerted by the email that the discovery period was drawing to a close.

This is not a situation in which Plaintiff treated the scheduling order as a "frivolous piece of paper." Johnson, 975 F.2d at 610. As soon as Plaintiff realized the oversight, it sought to correct it, and now seeks only a short extension of time to complete a relatively small amount of discovery. A short extension of the discovery cutoff, and the resultant short extension of other remaining dates in the case, will not significantly disrupt the Court's management of this case nor would it "reward the indolent and cavalier." Id.

Defendants argue that they will be prejudiced if discovery is reopened, as they will be "forced to waste a significant amount of time and money in order to prepare for a trial, including participating in discovery and depositions that should have taken place long ago." Defs.' Opp'n at 5. It was only because of Plaintiff's inadvertence, however, that Defendants were not previously required to respond to discovery. The reopening of discovery will require Defendants to do nothing more than what they would have been required to do had Mr. Bebi's calendaring issues not occurred. In any event, the focus of the inquiry on a motion to modify a scheduling order is upon the moving party's reasons for seeking modification and whether good cause has been demonstrated, not upon the prejudice to the party opposing the modification. Johnson, 975 F.2d at 604.[3]

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to modify the scheduling order is **GRANTED**. The Court will separately issue an amended scheduling order.

**IT IS SO ORDERED.**

DATED: May 22, 2009

_____
Jan M. Adler
U.S. Magistrate Judge

---

[3] The Court makes no finding as to whether Plaintiff complied with its initial disclosure obligations under Rule 26(a)(1) as that issue is not properly before the Court.